IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TASHA S.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 7:21-cv-00413 |
| | ) |
| KILOLO KIJAKAZI, Acting | )   By:  Elizabeth K. Dillon |
|   Commissioner, Social Security | )        United States District Judge |
|   Administration, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Tasha S. brought this action for review of the final decision made by defendant, Commissioner of the Social Security Administration, denying her application for disability insurance benefits under the Social Security Act. (Complaint, Dkt. No. 2.) Plaintiff and the Commissioner moved for summary judgment (Dkt. Nos. 17, 19), and pursuant to 28 U.S.C. § 636(b)(1)(B), the court referred the motions to U.S. Magistrate Judge Robert S. Ballou for a report and recommendation (R&R). On August 4, 2022, the magistrate judge issued his R&R, finding that substantial evidence supported the Commissioner's decision. (R&R, Dkt. No. 21.) Plaintiff filed objections on August 17, 2022. (Dkt. No. 22.)

After de novo review of the pertinent portions of the record, the report, and the filings by the parties, in conjunction with the applicable law, the court agrees with the magistrate judge's recommendation. Accordingly, the court will grant the Commissioner's motion for summary

---

[1] Due to privacy concerns, the court is adopting the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts only use the first name and last initial of the claimant in social security opinions.

judgment, deny plaintiff's motion for summary judgment, and affirm the Commissioner's decision.

## I.  BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the report.  (R&R 2–7.)  Briefly, the Administrative Law Judge (ALJ) determined that plaintiff suffered from the severe impairments of anxiety disorder, depressive disorder, borderline personality disorder, panic disorder without agoraphobia, hepatitis A and C, thyroid disorder, opioid/heroin use disorder in remission, and obesity.  These impairments, the ALJ reasoned, did not meet or medically equal a listed impairment.  For her mental impairments, plaintiff had moderate limitations in interacting with others, concentrating, persisting or maintaining pace, and in adapting or managing oneself, and a mild limitation in understanding, remembering, or applying information.  (Tr. 19–20.)

The ALJ concluded that plaintiff retained the residual functional capacity (RFC) to perform light work, except that she can occasionally be exposed to loud noise and vibration.  She should avoid all exposure to hazards (such as moving machinery or heights) and needs work that does not involve the handling of food or food preparation.  She is also limited to work involving simple, routine, repetitive tasks.  She requires a work environment free of fast-paced production requirements—one where others' work is not dependent on her work product—with few if any workplace changes.  She can make only simple, work-related decisions, and she can have only occasional interaction with the public, coworkers, or supervisors.  Given this RFC, the ALJ found that plaintiff is unable to perform her past relevant work, but she could perform other jobs that exist in significant numbers in the national economy, such as marker and router.  Thus, the ALJ determined that plaintiff is not disabled.  (Tr. 27.)

## II.  DISCUSSION

### A.  Standard of Review

This court's review of the ALJ's underlying decision is limited.  *See Gregory H. v. Saul*, Civil Action No. 7:18-cv-00342, 2019 WL 4280334, at *1 (W.D. Va. Sept. 10, 2019). Specifically, "[a] district court's primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  Substantial evidence does not require a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988); rather, it requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  This is "more than a mere scintilla of evidence [and] somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made.  Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*, 447 U.S. 667, 673–74 (1980) (finding that de novo review of the magistrate's report and recommendation comports with due process requirements).

### B.  Tasha S.'s Objections to the R&R

In her summary judgment brief, plaintiff argued that the ALJ's assessment of her mental impairments and subjective allegations were not supported by substantial evidence. (*See* Pl.'s Mem. in Supp. of Mot. for Summ. J., Dkt. No. 18.)  In many if not most respects, plaintiff's objections to the R&R are a restatement of her summary judgment arguments.  "As the court has

stated on many occasions, it is not necessary for the court to address the exact same arguments raised before and thoroughly addressed by the magistrate judge . . . . Objections to the magistrate judge's R&R should be focused on errors in analysis by the magistrate judge." *Courtney T. v. Kijakazi*, Civil Action No. 7:21-cv-00024, 2022 WL 885767, at *2 (W.D. Va. Mar. 25, 2022). The court will, however, address the following objections.

Plaintiff takes issue with the magistrate judge's conclusion that the ALJ correctly addressed plaintiff's moderate limitations in concentration, persistence, or pace, interacting with others, and adapting or managing herself. For example, the ALJ stated that plaintiff was able to meet the mental demands of parenting. (Tr. 20.) Plaintiff objects that the ALJ failed to discuss how plaintiff's son is 15 years old, walks to school by himself, and provides assistance to plaintiff. Similarly, the ALJ noted that plaintiff reported watching television for pleasure, which the ALJ found requires some concentration and persistence. (Tr. 22.) Plaintiff objects that there was no discussion of how often plaintiff watched television or that she watched TV lying down. These objections reflect plaintiff's contention that the evidence should be interpreted and weighed differently than how the ALJ viewed the evidence. They do not undermine the conclusion that parenting reflects plaintiff's ability to adapt and manage her affairs or that watching television, in certain instances, requires concentration and persistence.

Plaintiff also objects to the magistrate judge's statement that plaintiff did not identify specific instances where the ALJ ignored evidence or improperly applied legal standards. (R&R 13.) Plaintiff cites back to her summary judgment brief, where plaintiff contends she made "specific arguments" outlining the "reversible errors" committed by the ALJ in evaluating and assessing plaintiff's allegations. (Pl.'s Objection 5.) Plaintiff also cites her summary judgment brief to support her argument that she identified materially conflicting evidence and material

misstatements of the evidence in the record. The court reviewed these citations and agrees with the magistrate judge that plaintiff is asking the court to re-evaluate her subjective allegations and come to a different conclusion than the ALJ's conclusion. For example, plaintiff cites evidence of an increase in anxiety in October 2019, with sad affect and mood. (Tr. 2048–49.) This does not undermine the ALJ's "detailed discussion" of plaintiff's medical history, including her allegations. Indeed, the ALJ specifically noted that, after October 2019, plaintiff went "many months" without mental health treatment. (Tr. 25.) The ALJ's credibility assessment, which is entitled to deference, is supported by substantial evidence.

### III. CONCLUSION AND ORDER

After a review of plaintiff's objections and the record, the court concludes that the ALJ's decision is supported by substantial evidence and that the ALJ applied the correct legal standards. Accordingly, it is hereby ORDERED as follows:

1. The R&R (Dkt. No. 21) is ADOPTED;
2. Plaintiff's objections (Dkt. No. 22) are OVERRULED;
3. The Commissioner's motion for summary judgment (Dkt. No. 19) is GRANTED;
4. Plaintiff's motion for summary judgment (Dkt. No. 17) is DENIED; and
5. The Commissioner's decision is AFFIRMED.

An appropriate judgment order will be entered.

Entered: August 24, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge